UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CURTIS ANTIONE KEIL**                                       **CIVIL ACTION**

**VERSUS**                                                    **NO. 15-0422**

**RAY HANSON**                                                **SECTION "I"(4)**

### ORDER AND REASONS

The petitioner, Curtis Antione Keil, has filed a **"Motion to Order the Entire Appellate Record and Motion for Oral Argument" (Rec. Doc. No. 11)** seeking an order for the production of the entire state appellate record and for oral argument on his petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Keil's motion is unnecessary and otherwise premature at this time.

Upon the filing of Keil's petition, the undersigned Magistrate Judge issued an order directed to the Louisiana Attorney General's Office and the District Attorney for Washington Parish to respond to Keil's petition. As part of this order, the respondents are required to provide a certified copy of the state court records, which includes all pretrial, trial and post-conviction records from the state trial court, the state appellate court, and the Louisiana Supreme Court. In this regard, Keil's request is repetitive of matters already ordered by the Court and must be denied.

In addition, pursuant to 28 U.S.C. § 2254(e)(2), the decision of whether to hold an evidentiary hearing, or oral argument as Keil refers to it, is a statutorily mandated determination limited by the provisions of § 2254(e)(2), *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-01 (2011), which provides as follows:

> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A)  the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Keil has not met this burden or presented any basis in his motion for this Court to hold an evidentiary hearing. He also has not alleged or shown that the state court records will be insufficient to address the claims raised without an evidentiary hearing. Furthermore, this Court's review is directed to and limited by the matters considered by the state courts. *See Cullen*, 131 S. Ct. at 1400; *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). The State has not had an opportunity to respond to his petition in this court, including presentation of any potential defenses to review of Keil's claims raised here. The Court will have ample opportunity to review the state's response and the record to determine whether any additional briefing or argument is required. At this point in the proceedings, however, the record does not demonstrate a need for an evidentiary hearing and Keil has failed to meet the heavy burden of proving his entitlement to one. Accordingly,

**IT IS ORDERED** that Keil's **"Motion to Order the Entire Appellate Record and Motion for Oral Argument" (Rec. Doc. No. 11)** is **DENIED**.

New Orleans, Louisiana, this   3rd   day of March, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**