## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**CURTIS ANTIONE KEIL**               **CIVIL ACTION NO.  15-0422**

**VERSUS**                                     **SECTION "I"**

**RAY HANSON**                          **MAGISTRATE (4)**

<u>**MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS**</u>

**MAY IT PLEASE THE COURT:**

     This Memorandum is filed on behalf of Warren Montgomery, District Attorney for the Parish of Washington, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

<u>**STATEMENT OF THE CASE**</u>

     Petitioner, Curtis Keil (hereinafter referred to as "Keil"), is a state prisoner following conviction in state court of one count of manslaughter.  Keil was  originally sentenced to thirty years imprisonment.  He was subsequently adjudicated a third felony offender and was sentenced to thirty years imprisonment, without benefit of probation, parole or suspension

of sentence.  The First Circuit Court of Appeal affirmed the conviction and sentence,[1] and the Louisiana Supreme Court denied petitioner's related writ application.[2]

## LAW AND ARGUMENT

### Timeliness and Exhaustion

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001).  The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications.  28 U.S.C. 2244(d)(1).

Pursuant to 28 U.S.C. §2244(d)(1)(A), this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  In this case, the First Circuit Court of Appeal affirmed petitioner's conviction and sentence on December 27, 2013 and denied his application for rehearing on January 16, 2014.  On November 26, 2014, the Louisiana Supreme Court denied his related writ application filed by counsel and refused to consider

---

[1]Petitioner stipulated to his adjudication as a third felony offender, but reserved his right to appeal the conviction.  Accordingly, the Court of Appeal did not review the multiple offender adjudication or sentence imposed in connection therewith.  *See* state court record, p. 1194.

[2]Two writ applications were filed with the Louisiana Supreme Court related to petitioner's appeal.  One was filed by counsel, docket no. 2014-K-353, and was denied by the Court.  The second application was filed by petitioner pro se, docket no. 2014-KH-572, and was not considered by the Court because it was not filed timely.

his pro se writ application as untimely.   Accordingly, the State submits petitioner's conviction became final for AEDPA purposes ninety days later, on February 24, 2015, when his delay for seeking review with the United States Supreme Court expired.   This habeas petition was signed by petitioner on December 17, 2014, prior to the time his conviction became final, and accordingly, this action appears to be timely.

The exhaustion doctrine, generally codified in 28 U.S.C. 2254(b) and (c), requires that a state prisoner's entire federal habeas petition be dismissed unless his state remedies have been exhausted as to all claims raised in the federal petition.  Graham v. Johnson, 94 F.3d 958 (5th Cir. 1996).  *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice.   Generally, the exhaustion requirement is satisfied only when the specific constitutional grounds urged in a federal habeas petition were fairly presented to the State's highest court.  Mercandel v. Cain, 179 F.3d 271 (5th Cir. 1999).  The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to each of the state courts through to the highest court of the state in a procedurally proper manner. *See* O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir.1982).

Petitioner asserts the following claims herein: (1) the evidence was insufficient to convict him and State witnesses gave false testimony;  (2) the trial court erred in allowing inadmissible evidence at trial, i.e. Sgt. McDaniel's testimony concerning a prior altercation

between petitioner and the victim; (3) the trial court erred in denying defendant's post-trial motions for new trial and acquittal and his motions to quash and suppress; (4) the appellate courts erred in affirming the conviction without reviewing the complete record; (5) the responsive verdict of manslaughter was an illegal verdict; and (6) ineffective assistance of trial counsel.

The Louisiana Supreme Court rejected and refused to consider defendant's pro se writ application as untimely.  Accordingly, the State submits that the only claims which were properly exhausted were the claims raised in the direct appeal to the First Circuit Court of Appeal which were also included in the counseled writ application filed with the Louisiana Supreme Court.  Those claims are: (1) the trial court erred in allowing inadmissible evidence of petitioner's statement and the prior altercation between petitioner and the victim; and (2) insufficient evidence.  The remainder of the claims asserted herein were not exhausted in the state courts because they were not included in the timely writ application reviewed by the Supreme Court.  As a result, the State submits this is a mixed petition, and as such, is subject to dismissal without prejudice.

The State will further address the merits of the exhausted claims.

**Standard of Review**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  A federal

court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts.  Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.   The standard is one of objective reasonableness. Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000).  Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence".   Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court".  *Id* at 1398. The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits".  *Id* at 1398.  §2254(d)(1) applies to claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

Page 5

(2) resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial." Pinholster, *supra* at 1402. In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision. Pinholster, *supra* at 1402.

The State submits that review in this case is limited to the record that was before the state court, and no evidentiary hearing should be held herein.

## Claim 1 - Insufficient Evidence

In his first claim herein, petitioner asserts the evidence was insufficient to convict him, arguing the State witnesses gave false testimony.

Petitioner argues there was no physical evidence linking him with the crime and no positive identification of him as the perpetrator. He argues it would have been virtually impossible to clean himself of any blood, DNA or gun powder residue from the crime scene. He argues that it was the publicity that resulted in a positive identification. He also asserts that the State witnesses gave false testimony with regard to statements he allegedly made to the police, arguing the State had conceded that he did not make a statement at the suppression hearing but later changing that position.

With regard to the statement, the First Circuit Court of Appeal found:

> . . . At a May 2, 2011 hearing, the state informed the trial court that the police had not seized evidence from defendant, taken any confession from him, nor secured any lineup identification of him. Therefore, the trial court ruled that these motions were moot.

Page 6

On October 18, 2011, the state filed a notice of intent to use statements, informing defendant that the prosecution would introduce evidence of the statement defendant made to Lieutenant Phelps.  On the morning of October 25, 2011, the day defendant's trial was set to begin, the trial court first held a hearing on the defendant's motion to suppress his statement to Lieutenant Phelps.  During arguments following that hearing, the state indicated that it had first learned of defendant's statement to Lieutenant Phelps in August, 2011.  The prosecutor explained that she had brought up the existence of the statement in the presence of both defense counsel and the trial judge during an August pretrial conference.  She further argued that she had explained in August that she would not have used the statement if the case went to trial at that time.  However, she contended that in light of the three months between her informal notice to the defense and defendant's October trial, defendant was not prejudiced by her filing of a formal notice of intent to use his statement on October 18, 2011.  In response, defense counsel argued that while they might have bene informed of the existence of such a statement back in August, the prosecution's late disclosure of its actual intent to use such a statement was prejudicial to their ability to prepare a defense.

The trial court ultimately denied defendant's motion to suppress and rejected his argument that the late notice about the statement was prejudicial.  The trial court specifically noted that it was aware of both the existence and the nature of the statement from the August pretrial conference where at least one of the defense counsel were present.

Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement.  If it fails to do so, a confession or inculpatory statement shall not be admissible in evidence.  LSA-C.Cr.P. art. 768.

On appeal, defendant does not challenge the trial court's ruling denying his motion to suppress.  Instead, he only challenges the trial court's decision to allow the state to introduce evidence of an inculpatory statement in the face of what he characterizes as late notice.  However, the state's written notice of its intent to use defendant's statement was clearly provided within the time required by Article 768.  Further, defendant does not allege, nor does the record reflect, any specific prejudice regarding the prosecution's supposed late disclosure.  Here, defense counsel were clearly able to challenge the admissibility of this statement through a pretrial motion to suppress.

Moreover, at trial they also vigorously challenged the credibility of Lieutenant Phelps and the circumstances surrounding the inculpatory statement.

After reviewing the record as a whole, we find that the trial court did not err or abuse its discretion in allowing the state to introduce defendant's statement over his objection of late disclosure. *See* Judgment, First Circuit Court of Appeal, p. 7-8.

In reviewing the arguments regarding the sufficiency of the evidence, in addition to the statement by petitioner to police admitting he had thrown the gun out of his car window as he drove away from the scene of the shooting, the First Circuit Court of Appeal noted that the State produced testimony from four eyewitnesses who identified petitioner as the shooter. Defense counsel fully cross-examined each of these witnesses, and as the Court of Appeal noted, the jury was clearly presented with evidence of certain witnesses' criminal backgrounds, yet apparently still found at least some of these witnesses to be credible. The Court further found that despite the lack of physical evidence directly tying petitioner to the crime, the jury's finding of guilt was strongly supported by the unequivocal witness testimony identifying him as the perpetrator. *See* Judgment, First Circuit Court of Appeal, p. 5-6.

Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. Thus, when a defendant seeking federal habeas relief contends that the evidence is insufficient to support a state court conviction, "the relevant question is whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Gibson v. Collins, 947 F.2d 780, 781 (5th Cir. 1991).   Accordingly, federal habeas relief is appropriate only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." West v. Johnson, 92 F.3d 1385, 1393 (5th Cir. 1996).

Under the Jackson standard, a federal habeas court may find sufficient evidence to support a conviction "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." Gibson, *supra* at 783. Either direct or circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction.  Schrader v. Whitley, 904 F.2d 282, 287 (5th Cir. 1990).  Moreover, review of the sufficiency of the evidence does not include review of the weight of the evidence nor the credibility of the witnesses, as those determinations are the exclusive province of the jury. United States v. Young, 107 Fed. Appx. 442, 443 (5th Cir. 2004).  *See also* Jackson, 443 U.S. at 319 (noting that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."). Thus, all credibility choices and conflicting inferences are to be resolved in  favor of the verdict. Ramirez v. Dretke, 398 F.3d 691, 695 (5th Cir. 2005).  The reviewing habeas court is not authorized to substitute its interpretation of the evidence for that of the fact finder. Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir.1985).  A reviewing federal habeas court is *not* authorized to substitute its interpretation of the evidence or its view of the credibility of witnesses in place of the fact-finder. Weeks v. Scott, 55 F.3d 1059, 1062 (5th Cir.1995).

The jury in this case heard the testimony, judged the credibility of the witnesses and rejected petitioner's hypothesis of innocence.  Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The State submits this claim is without merit.

## Claim 2 - Inadmissible Evidence

In his second claim herein, petitioner argues the trial court improperly allowed inadmissible evidence to be introduced at trial, which consisted of evidence of a prior altercation between petitioner and the victim.

This evidentiary claim was also reviewed and addressed by the First Circuit Court of Appeal as follows:

> On October 24, 2011, the day prior to the beginning of trial, the state filed a notice of intent to introduce evidence of other offenses under LSA-C.E. art. 404(B)(1).  In this notice, the state described the anticipated testimony of Sergeant McDaniel.  The state noted that Sergeant McDaniel would testify that defendant sought to have the victim arrested for an incident which had occurred at the victim's home several weeks prior to the instant offense.  The state further noted that defendant had been told several days prior to this incident that he would not be arresting the victim for the earlier altercation. The state contended that this testimony was admissible and would prove defendant's motive, intent, identity, plan, and lack of mistake.

> On the morning of trial, the trial court heard arguments regarding the admissibility of the testimony of the officer who investigated the earlier incident.  The state noted that it did not seek to introduce details concerning the actual altercation between the victim and defendant.  Rather, the state

sought to introduce Sergeant McDaniel's testimony as a means of demonstrating that defendant had some motive to shoot the victim. Defense counsel argued that the state's notice of intent to introduce this evidence was untimely under LSA-C.E. art. 404(B)(1) because it was not given in a reasonable amount of time in advance of trial.

In allowing the state to introduce Sergeant McDaniel's testimony, the trial court specifically noted that the defense was well aware of the prior altercation, as demonstrated by its earlier request for photographs from that incident. Therefore, the trial court found that defendant was not surprised by this evidence. The trial court further found that the evidence the state sought to introduce was not a true Article 404(B) act subject to reasonable notice. In light of these considerations, the trial court found that the probative value of Sergeant McDaniel's testimony would outweigh any prejudicial effect.

\* \* \*

The discussions about the evidence sought to be introduced by the state support the trial court's conclusion that the state did not seek to introduce evidence of other crimes, wrongs, or acts committed by defendant. The prosecutor was careful not to delve too deeply into the details of the incident, but she did relate via her argument to the trial court that defendant was the one who attempted to pursue a charge against the victim for whatever events took place in the altercation. Sergeant McDaniel's testimony at trial revealed that defendant also filed complaints related to the incident against at least two other men.

\* \* \*

. . . [W]e find in this case that the wrongful actor in the earlier incident was the victim, not defendant. Similarly, we find that the introduction of this evidence was relevant to prove defendant's motive in committing the instant offense. *See* Judgment, First Circuit Court of Appeal, p. 9-11.

Federal habeas corpus relief may be granted based on erroneous state evidentiary rulings only if the evidence at issue is "a crucial, critical, or highly significant factor in the context of the entire trial." Thomas v. Lynaugh, 812 F.2d 225, 230 (5th Cir.1987) (citations omitted). The State submits this evidence was not such a factor. As the First Circuit Court

Page 11

of Appeal noted, the prosecutor was careful not to delve too deeply into the facts of the prior incident, and it was clearly introduced to prove motive.

Petitioner has not met his burden of proving the ruling of the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  The State submits this claim is without merit.

## CONCLUSION

For the foregoing reasons, the State respectfully submits that petitioner's Application for Habeas Corpus Relief should be dismissed.

Respectfully submitted:

By:    s/Kathryn Landry_____
KATHRYN LANDRY, Bar No.  19229
P. O. Box 82659
Baton Rouge, LA 70884
Telephone:  (225) 766-0023
Facsimile: (225) 766-7341

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been mailed to

the opposing party herein:

Curtis Keil #418252
Riverbend Detention Center
9450 Hwy. 65 South
Providence LA 71254

Baton Rouge, Louisiana this 23rd day of April, 2015.

s/Kathryn Landry
KATHRYN LANDRY