UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CURTIS ANTOINE KEIL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0422** |
| **RAY HANSON** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual and Procedural Background

The petitioner, Curtis Keil ("Keil"), is a convicted inmate currently incarcerated in the Riverbend Detention Center in Lake Providence, Louisiana.[2] On December 15, 2008, Keil was indicted by a Washington Parish Grand Jury for the second degree murder of Terrance Donnel Harris.[3] He entered an initial plea of not guilty to the charge on January 5, 2009.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 15.

[3]St. Rec. Vol. 1 of 9, Indictment, 12/15/08.

[4]St. Rec. Vol. 1 of 9, Minute Entry, 1/5/09.

The record reflects that, on the afternoon of October 6, 2008, Harris was standing on Ann Street in Bogalusa, Louisiana, talking to several family members.[5]  A man, later identified as Keil, drove up to a group of people in a white Lincoln with a Texas license plate and exited the car.  Keil and Harris began to argue.  Keil then pulled out a handgun and shot at Harris, striking him four times in the head and neck.  Keil got back in the car and drove away.  Harris died as a result of his wounds.

Immediately after the incident, several eyewitnesses told the police that Keil was the shooter. After receiving this information, Bogalusa police officers located Keil at his mother's home on City Limits Road.  The officers also found the white Lincoln described by the eyewitnesses.  However, the police officers were unable to recover the firearm used in the shooting.

After being found competent to proceed,[6] Keil was tried before a jury on October 24 through 27, 2011, and found guilty of the lesser included offense of manslaughter.[7]  At a hearing held on November 14, 2011, the Trial Court denied Keil's motions for a new trial and post-verdict judgment of acquittal.[8]  After waiver of legal delays, the Trial Court sentenced Keil that day to serve thirty (30) years in prison at hard labor.[9]

---

[5] The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal. *State v. Keil*, No. 2012-KA-1976, 2013 WL 7122536, at *1 (La. App. 1st Cir. Dec. 27, 2013); St. Rec. Vol. 8 of 9, 1st Cir. Opinion, 2012-KA-1976, p. 2, 12/27/13.

[6] St. Rec. Vol. 1 of 9, Hearing Minutes, 4/4/11; St. Rec. Vol. 4 of 9, Hearing Transcript, 4/4/11.

[7] St. Rec. Vol. 1 of 9, Trial Minutes, 10/24/11; Trial Minutes, 10/25/11; Trial Minutes, 10/26/11; Trial Minutes, 10/27/11; St. Rec. Vol. 2 of 9, Jury Verdict Form, 10/27/11; St. Rec. Vol. 5 of 9, Trial Transcript, 10/25/11; St. Rec. Vol. 6 of 9, Trial Transcript, 10/26/11; Trial Transcript, 10/27/11.

[8] St. Rec. Vol. 1 of 9, Sentencing Minutes, 11/14/11; St. Rec. Vol. 2 of 9, Motion for New Trial, 11/2/11; Motion for Post-Verdict Judgment of Acquittal, 11/2/11; Motion for Post-Verdict Judgment of Acquittal (Pro Se), 11/2/11; St. Rec. Vol. 7 of 9, Sentencing Transcript, 11/14/11.

[9] St. Rec. Vol. 1 of 9, Sentencing Minutes, 11/14/11; St. Rec. Vol. 7 of 9, Sentencing Transcript, pp. 1089, 1103, 11/14/11.

The State then filed a multiple offender bill to which Keil entered a plea of not guilty.[10] The Trial Court later denied Keil's motion to reconsider the sentence on August 5, 2013.[11] Following re-evaluation of Keil's competency, on September 13, 2013, the Trial Court adjudicated him to be a third felony offender and resentenced Keil to serve thirty (30) years in prison as a multiple offender without benefit of parole, probation, or suspension of sentence.[12]

On direct appeal to the Louisiana First Circuit Court of Appeal, Keil's appointed counsel asserted the following errors:[13] (1) the evidence was insufficient to support the verdict; and (2) the State was allowed to present inadmissible evidence at trial. Keil *pro se* asserted the following errors:[14] (1) the evidence was insufficient to support the verdict; (2) the Trial Court erred in allowing the State to use inadmissible evidence at trial; (3) the State's witnesses gave false and perjured testimony; and (4) the responsive verdict of manslaughter was an illegal verdict.

On December 27, 2013, the Louisiana First Circuit affirmed Keil's conviction and sentence finding no merit in the first three claims and finding that Keil's failure to object to the responsive verdicts meant that issue was not preserved for appeal and alternatively was without merit.[15] The

---

[10]St. Rec. Vol. 1 of 9,

[11]St. Rec. Vol. 1 of 9, Multiple Bill Hearing Minutes, 8/5/13; St. Rec. Vol. 2 of 9, Motion to Reconsider Sentence, 11/21/11; St. Rec. Vol. 8 of 9, Hearing Transcript, 8/5/13.

[12]St. Rec. Vol. 8 of 9, Sentencing Minutes, 9/13/13; Hearing Transcript, 9/13/13.

[13]*Keil*, 2013 WL 7122536, at *1; St. Rec. Vol. 8 of 9, 1st Cir. Opinion, 2012-KA-1976, 12/27/13.

[14]*Id*.

[15]*Id*.

Circuit Court, on January 16, 2014, also denied the rehearing application filed by Keil's appointed counsel.[16]

Keil's appointed counsel sought review in the Louisiana Supreme Court on or about February 15, 2104, seeking review of the appeal court's ruling.[17] The Supreme Court denied the application on November 26, 2014, without stated reasons.[18]

In the meantime, on March 11, 2014, Keil submitted a *pro se* writ application to the Louisiana Supreme Court seeking review of the appeal court's ruling on his four *pro se* appeal claims and two additional arguments that the Trial Court erred in denying the motion for new trial, motion for post-verdict judgment of acquittal, and motions to quash and suppress, and that counsel was ineffective at trial.[19] By its order issued November 26, 2014, the Supreme Court declined to consider the application finding that it was not timely filed.[20]

Thus, Keil's conviction and sentence became final ninety (90) days after the denial of the counsel-filed writ application, on February 24, 2015, when he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

---

[16]St. Rec. Vol. 8 of 9, 1st Cir. Order, 2012-KA-1976, 1/16/14; St. Rec. Vol. 9 of 9, Application for Rehearing, 1/9/14.

[17]St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 2014-K-0353, dated 2/15/14.

[18]*State v. Keil*, 152 So.3d 896 (La. 2014); St. Rec. Vol. 9 of 9, La. S. Ct. Order, 2014-K-0353, 11/26/14.

[19]St. Rec. Vol. 9 of 9, La. S. Ct. Writ Application, 2014-KH-572, 3/20/14 (postmarked 3/14/14, dated 3/11/14); St. Rec. Vol. 8 of 9, La. S. Ct. Letter, 2014-KH-572, 3/20/14.

[20]*State ex rel. Keil v. State*, 152 So.3d 893 (La. 2014); St. Rec. Vol. 9 of 9, La. S. Ct. Order, 2014-KH-0572, 11/26/14.

## II.     Federal Petition

On December 22, 2014, the Clerk of the United States District Court for the Western District of Louisiana filed Keil's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[21] (1) insufficient evidence to support the verdict; (2) the Trial Court erred in allowing false and perjured testimony from the assistant district attorney and the State's witness at the motion hearings and at trial; (3) the State used inadmissible evidence of a prior altercation at trial; (4) the Trial Court erred in denying the motion for new trial, the motion for post-verdict judgment of acquittal, and the motions to quash and suppress; (5) the trial was unfair because of jury tampering; (6) the state courts had an incomplete record on appeal; (7) counsel provided ineffective assistance at trial; (8) manslaughter was an unlawful and illegal responsive verdict; (9) the Trial Court allowed a suggestive and illegal in-court identification; and (10) he was denied a preliminary hearing. After the case was transferred to this federal court, Keil filed a supplemental memorandum in which he argued that the Trial Court erred in giving erroneous jury instructions.[22]

The State filed an answer and memorandum in opposition to Keil's petition conceding the timely filing of the federal petition and urging that Keil failed to exhaust state court remedies, except for the two claims raised by counsel on direct appeal and on supervisory review.[23] Keil filed a reply brief urging the Court to find that he exhausted state court remedies.[24]

---

[21] Rec. Doc. Nos. 1, 1-2.

[22] Rec. Doc. Nos. 3, 4, 18.

[23] Rec. Doc. Nos. 20, 21.

[24] Rec. Doc. No. 22.

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to this petition, which is deemed filed by petitioner in a federal court under the federal mailbox rule on December 17, 2014.[26] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). As indicated above, the State concedes and the record demonstrates that Keil's federal petition was timely filed.

The State argues, however, that Keil failed to exhaust state court review of all of the claims raised. In doing so, the State only recognized that Keil raised <u>seven</u> claims in his petition rather than the eleven claims located by this Court after broadly construing the petition and memoranda. Nevertheless, the Court finds for the following reasons that Keil has exhausted the two claims identified by the State and has failed to exhaust state court remedies as to the other nine of the eleven claims raised in his federal petition.

---

[25]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[26]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Western District filed Keil's federal habeas petition on December 22, 2014, when it was received with the filing fee. Keil dated his signature on the original petition on December 17, 2014, which is the earliest date appearing in the record on which he could have delivered the pleadings to prison officials for mailing to a court.

### IV.     Exhaustion Doctrine

As mentioned above, the State did not acknowledge that Keil has presented more than the seven claims listed in their answer as opposed to the eleven claims found by this Court under its broad construction of the petition. Out of an abundance of caution, the Court therefore places Keil on notice, to the extent necessary, that it is *sua sponte* raising exhaustion or expanding the exhaustion defense raised by the State. *Accord Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998) (addressing exhaustion)) (finding that district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given); *see also* 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a waiver of the defense).

Accordingly, **petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this Court is *sua sponte* raising the issue of exhaustion as to these claims and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report.** *Magouirk*, 144 F.3d at 350, 360.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). When ineffective assistance of counsel is raised, the claim is not exhausted if the petitioner did not raise or mention the same basis or legal theory in the state court proceedings that is asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (concluding that the factual bases for ineffective assistance claim were not exhausted as "significantly different" from those raised in state court).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court, and vice versa. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*.

The record shows, and the State concedes, that Keil (through appointed counsel) exhausted state court review of the claims listed above as federal claim one, insufficient evidence to support the verdict, and federal claim three, the State used inadmissible evidence of a prior altercation at trial. However, the record also reveals that Keil has not exhausted state court review of the other claims and arguments raised.

A review of the state court pleadings reflects that on direct appeal to the Louisiana First Circuit, Keil raised *pro se* the same two claims as counsel (which are found to be exhausted) and two other claims: federal claim two, in part, the State's witnesses gave false and perjured testimony at trial; and federal claim eight, the responsive verdict of manslaughter was an illegal verdict. His attempt to seek review in the Louisiana Supreme Court included these two *pro se* arguments and two additional claims not raised to the circuit court; that is, federal claim four, the Trial Court erred in denying the motion for new trial, motion for post-verdict judgment of aquittal, and motions to quash and suppress, and federal claim seven, counsel was ineffective at trial.

However, Keil's writ application to the Louisiana Supreme Court was not considered by the Court because it was not timely filed. As the United States Supreme Court has reiterated, when a pleading is untimely under state law, "that [is] the end of the matter" and the pleading was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Therefore, these four *pro se* issues— the State's witnesses gave false and perjured testimony at trial, the responsive verdict of manslaughter was an illegal verdict, the Trial Court erred in denying the motion for new trial, motion for post-verdict judgment of aquittal, and motions to quash and suppress, and counsel was ineffective at trial—were presented to the Louisiana Supreme Court in a procedurally proper manner and can not be considered to have been exhausted.

In addition, Keil now presents other claims and arguments that do not appear to have been raised to any state court before being presented to this Court. These novel claims are (as numbered above for consistency): (2 in part) the Trial Court erred in allowing false and perjured testimony from the assistant district attorney and the State's witness at the motion hearings; (5) the trial was unfair because of jury tampering; (6) the state courts had an incomplete record on appeal; (9) the Trial Court allowed a suggestive and illegal in-court identification; and (10) he was denied a preliminary hearing. Keil also included one other legal theory or argument in his supporting pleadings that the state trial court gave improper jury instructions at trial. These six claims, legal theories, and arguments have not been presented to or exhausted through the state courts before being argued to this federal court.

In summary, a review of Keil's pleadings reflects that federal claims one and three were exhausted through the state courts on appellate and supervisory review. However, as for federal claims two and four through ten and the additional claim that the state trial court gave improper jury instructions, Keil has not fully and properly exhausted available state court remedies.

For the foregoing reasons, Keil has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims and arguments, and it is subject to dismissal for that reason. *See Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). The record discloses no good cause for Keil's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Having found no good cause for his failure to exhaust,[27] this mixed petition should be dismissed

---

[27]A stay of these proceedings, should one be requested, would not be proper where there has been no showing of good cause to provide such extraordinary relief. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. The Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is

without prejudice to allow Keil to exhaust available state court remedies on all claims, unless he amends the petition to dismiss or exclude the unexhausted claims and proceed with only the exhausted claims. *Rhines*, 544 U.S. at 277-78 (finding dismissal is proper where no good cause is shown for the failure to exhaust); *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510).

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Keil's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 25th day of June, 2015.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

appropriate <u>only</u> when the court determines that there was "good cause" for the failure to exhaust. *Id.* at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004).  There is no such showing here.

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.