**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CURTIS ANTIONE KEIL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0422** |
| **RAY HANSON** | **SECTION "I" (4)** |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

The Report and Recommendation issued by the undersigned Magistrate Judge on June 26, 2015, recommended dismissal of Curtis Antione Keil's petition for writ of habeas corpus for failure to exhaust available state court remedies in connection with fourteen out of the sixteen claims and arguments before this federal petition was filed.[1] In response to the Report and Recommendation, Keil filed a "Motion to Object and Time Extension" (Rec. Doc. No. 26) and a "Motion to Supplement Objections" (Rec. Doc. No. 27) which the District Judge has referred to the undersigned Magistrate Judge.[2] As directed by the District Judge, the undersigned issues this Supplemental Report and Recommendation to provide and consider the two motions. The original Report and Recommendation is adopted and referenced as if repeated in full herein and as supplemented with the following discussion.

## I. Petitioner's Motions and Objections

### A. "Motion to Object and Time Extension" (Rec. Doc. No. 26)

Keil's pleading, entitled "Motion to Object and Time Extension," in part asserts objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 25) and in part seeks a stay of these proceedings to allow Keil to complete exhaustion of his claims in the state courts while preserving the timeliness of his federal petition.

---

[1]Rec. Doc. No. 25.

[2]Rec. Doc. No. 28.

Keil first indicates that he is objecting to the Report and Recommendation only to "keep and prevent from being barred from this Honorable Court" after exhaustion.[3] Keil specifically indicates that he does not challenge the Court's conclusion that he has failed to exhaust state court remedies. In fact, he indicates that he has "decided to allow the state to review all claims" and "chooses to take [the Court] up on the offer to present all claims to the state court" before seeking review in this Court.[4]

However, under a broad reading, Keil requests that the Court give him "a time extension" to return to the state courts to exhaust rather than dismiss his petition.[5] Keil seeks to assure that, if he is unsuccessful in obtaining relief in the state courts, he will be allowed to return to this federal court for habeas review and not be time-barred when he returns.[6] Keil also argues that good cause exists for his failure to exhaust, because the untimely filing of his pleadings in the Louisiana Supreme Court was not his fault and was out of his control.

**B. Motion to Supplement Objections (Rec. Doc. No. 27)**

In the Motion to Supplement Objections (Rec. Doc. No. 27), Keil seeks to include additional reasons for the Court to find good cause for his failure exhaust. Keil argues that, under state law, he timely filed his pro se writ application to the Louisiana Supreme Court and the Louisiana Supreme Court erred when it declined to consider his writ application as untimely filed. This he offers as good cause for his failure to exhaust, citing *Pliler v. Ford*, 542 U.S. 225, 233 (2004), in which the United States Supreme Court addressed the doctrine of stay-and-abeyance in connection with a state

[3]Rec. Doc. No. 26, p. 1.

[4]*Id*., pp. 2, 3.

[5]*Id*., pp. 1, 3, 4.

[6]*Id*., p. 2.

petitioner's failure to fully exhaust. Keil also reiterates his desire to complete exhaustion to assure proper review in this federal court.

Based on the foregoing, Keil should be allowed to supplement his objections to include this argument and his argument will be considered in the following discussion in connection with the objections and request for a stay outlined in his first pleading.

## II. Analysis and Discussion

As outlined in the original Report and Recommendation, Keil raised the following grounds for relief in his federal petition:[7] (1) insufficient evidence to support the verdict; (2) the Trial Court erred in allowing false and perjured testimony from the assistant district attorney and the State's witness at the motion hearings and at trial; (3) the State used inadmissible evidence of a prior altercation at trial; (4) the Trial Court erred in denying the motion for new trial, the motion for post-verdict judgment of acquittal, and the motions to quash and suppress; (5) the trial was unfair because of jury tampering; (6) the state courts had an incomplete record on appeal; (7) counsel provided ineffective assistance at trial; (8) manslaughter was an unlawful and illegal responsive verdict; (9) the Trial Court allowed a suggestive and illegal in-court identification; and (10) he was denied a preliminary hearing. He has also presented a supplemental memorandum in which he presented an additional argument that the Trial Court erred in giving erroneous jury instructions.[8]

As addressed in that Report, the record established, and the State conceded, that Keil exhausted state court review of the claims listed above as federal claim one, which alleged insufficient evidence to support the verdict, and federal claim three, which alleged the State used inadmissible evidence of

[7] Rec. Doc. Nos. 1, 1-2.

[8] Rec. Doc. Nos. 3, 4, 18.

a prior altercation at trial. However, Keil did not exhaust state court remedies in a procedurally proper manner with regard to federal claims two and four through ten, and the additional claim that the state trial court gave improper jury instructions.

As noted above, Keil does not object to this finding and acquiesces that he must return to the state courts to complete exhaustion. What he asks of this Court is, first, that he be given the opportunity to return to the state courts to exhaust and still be able to preserve (or extend) time for his return to this Court without being time-barred under federal law. Second, Keil asks this Court to find good cause for his failure to exhaust and to stay this action because he believes that the Louisiana Supreme Court erred in refusing to consider his pro se writ application to have been timely filed.

Broadly construed, by these two requests, Keil has asked this Court to grant him a stay of these proceedings which would suspend (or extend) the federal filing time while he returns to the state courts to complete exhaustion. As good cause for his failure to exhaust, and hence good cause for a stay (or time extension as he calls it), Keil points to an alleged error by the Louisiana Supreme Court in rejecting his pro se writ application as untimely filed.

As discussed in the original report and recommendation, Keil has presented this Court with a "mixed petition," which includes both exhausted and unexhausted claims and arguments, and it is subject to dismissal for that reason. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)). When there exists no good cause for a petitioner's failure to fully exhaust, the Supreme Court has held that the mixed petition should be dismissed without prejudice to allow the petitioner to exhaust available state court remedies on all claims, unless the petitioner abandons or excludes the unexhausted claims to proceed only with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (finding dismissal is proper where

no good cause is shown for the failure to exhaust); *Pliler*, 542 U.S. at 233 (citing *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982)).

In keeping with that line of thought, the Supreme Court has also found that, where good cause does exist, the Court may consider a stay-and-abeyance of the action to allow the petitioner to complete exhaustion. *Rhines*, 544 U.S. at 278. The Court cautioned, however, that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id*. The Court has decreed that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is appropriate only when the court determines that there was "good cause" for the failure to exhaust. *Id.* at 277; *see also Pliler,* 542 U.S. at 233 .

Based on the Court's prior review, there is no good cause for Keil's failure to exhaust state court remedies. Keil now argues that he was not at fault for the failure to exhaust. He claims that his pro se pleading was not timely mailed from the prison, something he could not control, and the Louisiana Supreme Court erred in determining it to be untimely. He suggests without citation or reference that Louisiana has a rule that would allow a defendant thirty-days to file a pro se supplemental brief after a brief is filed by counsel. The Court's research can locate no such rule in the Louisiana Supreme Court. Furthermore, the United States Supreme Court instructs that federal habeas courts do not sit to reevaluate a state court's interpretation or application of its own state laws. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors of state law). The Louisiana Supreme Court's ruling that his writ application was untimely is entitled to deference on that point.

Furthermore, as discussed in the original Report, in this particular case, Keil submitted a separate writ application not a supplemental brief. Under La. S. Ct. Rule X§5, an application seeking

review of a judgment by the court of appeals shall be filed or postmarked within thirty (30) days of the issuance of the judgment under review or denial of a timely filed application for rehearing. *Accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009). As mentioned in the prior Report, it is well recognized that a writ application which fails to comply with La. S. Ct. Rule X§5 is not "properly filed" because it is untimely. *Butler v. Cain*, 533 F.3d 314, 318-319 (5th Cir. 2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (concluding that failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same).

For these reasons, and those considered in the original Report and Recommendation, Keil has failed to demonstrate good cause for his failure to exhaust and no good cause exists for the granting of a stay of these proceedings.[9] Keil's objections should therefore be overruled, his request for a stay or time extension denied, and his federal habeas petition dismissed without prejudice for failure to exhaust state court remedies.

## III. Recommendation

For the foregoing reasons, and the reasons assigned in the original Report and Recommendation (Rec. Doc. No. 25),

It is **RECOMMENDED** that Keil's "Motion to Supplement Objections" (Rec. Doc. No. 27) be **GRANTED**.

---

[9] The Court also notes that if Keil acts with diligence and complies with the procedural requirements for filing his state pleadings, he should have ample time to return to this Court to file a new federal petition after completing review in the state courts. As determined in the original Report, Keil's state conviction became final under federal law on February 24, 2015. Generally, he has one year from that date to file for federal review, a time period that is tolled by a properly filed state application for post-conviction or other collateral review. 28 U.S.C. § 2244(d); *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)).

It is further **RECOMMENDED** that Keil's "Motion to Object and Time Extension" (Rec. Doc. No. 26) be construed in part as objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 25) and those objections as supplemented by Rec. Doc. No. 27 be **OVERRULED**.

It is further **RECOMMENDED** that Keil's "Motion to Object and Time Extension" (Rec. Doc. No. 26) be construed in part as a motion for a stay of these proceedings and that motion as supplemented by Rec. Doc. No. 27 be **DENIED**.

It is further **RECOMMENDED** that Keil's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

New Orleans, Louisiana, this 17th day of August, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.